UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KEVIN WILLIAMS, *pro se*,

                       Petitioner,

          -against-

MARK BRADT, SUPERINTENDENT OF
ELMIRA CORRECTIONAL FACILITY,

                      Respondent.
------------------------------------------------------------ x

**SUMMARY ORDER**

10-CV-3910 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* petitioner Kevin Williams ("Petitioner") seeks a stay of this habeas corpus proceeding so that he may exhaust certain ineffective assistance of appellate counsel claims in state court. Respondent objects. For the reasons set forth below, Petitioner's motion for stay is DENIED.

## BACKGROUND

Petitioner was convicted in New York State Supreme Court, Queens County after a non-jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and was sentenced to 25 years to life in prison.[1] On appeal, the Appellate Division, Second Department ("Appellate Division") affirmed Petitioner's conviction on September 16, 2008. *People v. Williams*, 54 A.D.3d 886 (2d Dept. 2008). Leave to appeal to the New York State Court of Appeals was denied on December 17, 2008. *People v. Williams*, 11 N.Y.3d 901 (2008). Petitioner then brought a motion pursuant to

---

[1] Familiarity with the facts and background of this matter as set forth in the state court record is assumed, and, thus, shall not be repeated herein. Only the procedural history and facts necessary to the discussion shall be set forth herein.

1

New York Criminal Procedure Law § 440.10(1)(c), (d) and (h) to vacate the judgment of conviction, which was rejected on March 12, 2010 because the court found that Petitioner's claims could have been raised on direct appeal. (Docket No. 10, Exhibit 3 at 37-39). On July 14, 2010, the Appellate Division denied Petitioner leave to appeal that decision. (Docket No. 10, Exhibit 4 at 3).

Petitioner seeks a stay of this habeas corpus proceeding so that he may exhaust claims based on ineffective assistance of appellate counsel due to appellate counsel's alleged failure to raise the following issues on direct appeal: (1) Petitioner's waiver of his right to a jury trial was jurisdictionally defective; (2) Petitioner's waiver of his rights to a jury trial was not made knowingly, intelligently and voluntarily; (3) there was insufficient evidence to support the conviction; and (4) Petitioner was deprived of a Dunaway/Mapp hearing. (*See* Docket No. 15).

## DISCUSSION

The court may stay a habeas petition and hold it in abeyance to allow the petitioner to exhaust his unexhausted claims in state court "only in limited circumstances" when: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court"; and (2) petitioner's "unexhausted claims are [not] plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court should also consider whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Petitioner requests that the court stay the habeas proceedings to allow him to exhaust four ineffective assistance of appellate counsel claims. (*See* Docket No. 15). Petitioner argues that there was good cause for his failure to exhaust his claims first in state court because he only recently received documents that serve as the basis for his ineffective assistance of appellate counsel claims. However, Petitioner fails to identify these documents other than to state that

they are "additional documents Petitioner has recently received" that were "maintained by the Respondents." *See id.* Furthermore, while it is unclear to which documents Petitioner is actually referring, the only substantive documents filed by Respondent other than its papers in opposition to Petitioner's motion for stay and habeas petition are copies of documents from the state court records of the proceedings in this case.

The alleged failure to receive certain unidentified documents that are in all likelihood documents that are part of the record of the state court proceedings in this case, does not constitute good cause sufficient to warrant a stay of these habeas proceedings to allow Petitioner to exhaust his claims in state court. Not only was Petitioner a party to the state court proceedings, but the state court documents filed by Respondent are part of the public record and, thus, were accessible to Petitioner prior to bringing this habeas petition. Therefore, as all of Petitioner's ineffective assistance claims are based on the appellate proceedings and records in this case, Petitioner has not demonstrated good cause for his failure to exhaust his claims in state court prior to bringing this habeas petition. This lack of good cause alone prevents the court from granting Petitioner's motion for stay. Accordingly, there is no need for the court to determine at this time the merits of Petitioner's unexhausted claims or whether Petitioner engaged in intentionally dilatory litigation tactics.[2] *See Rhines*, 544 U.S. at 277.

---

[2] Although *Rhines* only applies to habeas petitions with both exhausted and unexhausted claims, even if the court were to find that all of Petitioner's claims are in fact unexhausted, the stay would still be denied because the stay and abeyance procedure in *Rhines* would be unavailable. *See Kalu v. New York*, 2009 WL 7063100 (E.D.N.Y. Sept. 15, 2009).

## CONCLUSION

For the reasons discussed above, Petitioner's motion for stay is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      February 8, 2011

                                                  /s/
                                      DORA L. IRIZARRY
                                  United States District Judge