```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KEVIN WILLIAMS, pro se,                              :
                                                     :
                              Petitioner,            :
                                                     :          SUMMARY ORDER
              -against-                              :          10-cv-3910 (DLI)
                                                     :
MARK BRADT, SUPERINTENDENT, ELMIRA                   :
CORRECTIONAL FACILITY                                :
                                                     :
                              Respondent.            :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

*Pro se*[1] Petitioner Kevin Williams ("Petitioner") filed a petition for writ of habeas corpus on August 23, 2010. (*See* Petition for Writ of Habeas Corpus ("Petition"), Dkt. Entry No. 1.) The Petition was stayed pending Petitioner's exhaustion of state remedies. On November 6, 2014, Petitioner moved for appointment of counsel (*See* Motion to Appoint Counsel, Dkt. Entry No. 36), which this Court denied. (*See* Order denying Motion to Appoint Counsel ("Summary Order"), Dkt. Entry No. 40.) On March 30, 2016, this Court denied the Petition in its entirety. (*See* Order Dismissing Petition for Writ of Habeas Corpus ("Opinion & Order"), Dkt. Entry No. 55.) On April 22, 2016, Petitioner appealed the Opinion & Order. (*See* Notice of Appeal, Dkt. Entry No. 58.) The Second Circuit Court of Appeals dismissed the appeal. (*See* Mandate of USCA, Dkt. Entry No. 59.)

Petitioner now moves to vacate the denial of his Petition, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). (*See* Notice of Motion to Vacate ("Mot. to Vacate"), Dkt. Entry No.

---

[1] In reviewing Petitioner's submissions, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets Petitioner's filings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and citation omitted).

60.) Respondent opposes. (*See* Affidavit in Opposition ("Opp."), Dkt. Entry No. 61.) For the reasons set forth below, Petitioner's motion to vacate is denied.[2]

## DISCUSSION

I. <u>Standard of Review for a Rule 60(b) Motion</u>

Under Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve parties from final judgments, orders, or proceedings for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60 (b).

A motion for reconsideration under Rule 60(b) is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd,* 501 U.S. 115 (1991). Specifically, "a movant must establish that the Court overlooked controlling decisions or factual matters that were put before the Court." *Rodriguez v. Keane*, 2003 WL 21673624, at *1 (W.D.N.Y. July 16, 2003) (citing *Chan v. Reno*, 6 F. Supp.2d 273, 274-75 (S.D.N.Y. 1998)). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

---

[2] Familiarity with the facts in this case is presumed. A detailed discussion of the factual background is set forth in the Opinion & Order.

reached by the court." *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

A party seeking relief under Rule 60(b)(6) "for any other reason" is required to show "extraordinary circumstances" justifying the reopening of a final judgment and "[s]uch circumstances will rarely occur in the habeas context." *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005). To prevail on a motion for reconsideration under Rule 60(b), the movant must satisfy a heavy burden, and although "a pro se litigant 'should not be impaired by harsh application of technical rules,' he is not excused from producing 'highly convincing evidence in support of his motion to vacate a final judgment.'" *Rodriguez*, 2003 WL 21673624 at *1. Additionally, "it is well established that a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided . . . ." *Niederland v. Chase*, 425 Fed. Appx. 10, 12 (2d Cir. 2011) (internal quotations omitted).

II. Petitioner's Arguments

While Petitioner states that he seeks reconsideration of the Opinion & Order, Petitioner's motion instead appears to seek reconsideration of this Court's prior Summary Order denying Petitioner's motion to appoint counsel. (Mot. to Vacate at 3, 12.[3]) In support of his motion, Petitioner "asserts that the *integrity* of the habeas corpus proceedings was impaired by the 'Summary Order' dated: November 12, 2014, in which Petitioner's motion for the Assignment of Counsel/Evidentiary Hearing was denied." (*Id.* at 12.) (emphasis in original). Petitioner argues that "[h]ad this Court granted counsel and a hearing," the outcome of his habeas petition would have been different, because "Petitioner would have been able to prove beyond a reasonable doubt that he was/is Actually Innocent." (*Id.* at 12-13.) Petitioner does not argue that anything in the

---

[3] Citations to Petitioner's motion refer to the hand written page numbers.

3

Opinion & Order was erroneous. Accordingly, the Court construes Petitioner's motion as a motion to vacate the Summary Order, and not a motion to vacate the Opinion & Order.

III.    Analysis

Petitioner brings his motion under Rule 60(b)(1) and 60(b)(6). (Mot. to Vacate at 11.) Under Federal Rule of Civil Procedure 60(c), a motion filed under Rule 60(b)(1) must be made no more than a year after the entry of the judgment. Petitioner has moved to vacate the Summary Order over two years after it was filed and after subsequent motions were made. Thus, Petitioner's motion is time barred under Rule 60(b)(1).

Even if the Court does not construe Petitioner's motion as a motion to reconsider the Summary Order, and instead accepts it as a motion to vacate the Opinion & Order, Petitioner's motion under Rule 60(b)(1) would be denied. In support of his Rule 60(b)(1) motion, Petitioner asserts that the Court wrongly concluded under *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986) that the issues in the habeas petition were "not so complicated as to require the appointment of counsel." (Mot. to Vacate at 12.) Petitioner does not present any controlling case law, facts, or data, which the Court overlooked that would have altered the Court's conclusion. Rather, the motion impermissibly seeks to relitigate issues already decided. *Niederland*, 415 Fed. Appx. at 12.

Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any other reason that justifies relief." The motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. "Such circumstances will rarely occur in the habeas context." *Id.*

Petitioner has not presented "extraordinary circumstances" here. In support of his motion, Petitioner states merely that he "maintained his innocence to the charges, and is in fact

4

"**ACTUALLY INNOCENT**" of the crimes he currently stands convicted of." (Mot. to Vacate at 12.) (emphasis in original). Petitioner also states that his trial counsel was "worse than worthlessness." (*Id.* at 13.) Petitioner does not give further detail, nor does he explain why the motion could not have been made sooner on these grounds.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration and to vacate is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge